UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-2576

_____

IN RE: PETITION OF FRESCATI SHIPPING COMPANY, LTD., AS OWNER
OF THE M/T ATHOS I AND TSAKOS SHIPPING & TRADING, S.A.,
AS MANAGER OF THE ATHOS I FOR EXONERATION FROM
OR LIMITATION OF LIABILITY


_____

No. 11-2577

_____

UNITED STATES OF AMERICA,

Appellant

v.

CITGO ASPHALT REFINING COMPANY; CITGO PETROLEUM CORPORATION;
CITGO EAST COAST OIL CORPORATION

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 2-05-cv-00305 / 2-08-cv-02898)
Trial District Judge: Honorable John P. Fullam
District Judge: Honorable Joel H. Slomsky*

_____

Argued September 20, 2012

_____

* Judge Slomsky was assigned to this matter following the retirement of Judge Fullam,
who presided at trial and ruled on the merits.

Before: AMBRO, GREENAWAY, Jr., and O'MALLEY,[**] Circuit Judge

(Opinion filed May 16, 2013)

## ORDER AMENDING PRECEDENTIAL OPINION

AMBRO, Circuit Judge

IT IS NOW ORDERED that the published Opinion in the above case filed May 16, 2013, be amended as follows:

On page 25, in the first full paragraph, first sentence, replace the word "that" with "with" and the first "in" with "that" so that the sentence reads: "We agree with the Second Circuit's reasoning that *Crumady* and *Waterman* counsel in favor of Frescati's third-party beneficiary status."

Following that same sentence, insert an additional footnote, which shall read:

CARCO makes a belated argument that *Crumady* and *Waterman* are of dubious precedential value in light of the 1972 amendments to the Longshore and Harbor Workers' Compensation Act. These amendments required negligence (as opposed to an unsafe condition) for a longshoreman to recover against a ship owner, and abolished the ship owner's right of indemnity against the stevedore. *See* 33 U.S.C. § 905(b); *Scindia Steam Nav. Co., Ltd. v. De Los Santos*, 451 U.S. 156, 164–65 (1981). This legislative exclusion, however, does not undermine the fundamental premise that a ship owner may benefit from an arrangement between third parties. As such, Judge Posner has noted that, following this amendment, "indemnity has continued to be sought in cases not involving longshoremen and hence not within the scope of the Longshore[] and Harbor Workers' Compensation Act." *Hillier v. S. Towing Co.*, 714 F.2d 714, 718–19 (7th Cir. 1983) (Posner, J.).

On page 23, in the first paragraph, second sentence, replace "some" with "a compelling" so that the phrase reads: "there must be a compelling showing"

By the Court,

/s/ Thomas L. Ambro, Circuit Judge

Dated: July 12, 2013

---

[**] Honorable Kathleen M. O'Malley, United States Court of Appeals for the Federal Circuit, sitting by designation.

mlr/cc:

Jack A. Greenbaum, Esq.

John D. Kimball, Esq.

Alfred J. Kuffler, Esq.

John J. Levy, Esq.

Eugene J. O'Connor, Esq.

Timothy J. Bergere, Esq.

George M. Chalos, Esq.

Frank P. DeGiulio, Esq.

Douglas L. Grundmeyer, Esq.

J. Dwight LeBlanc, Jr., Esq.

Carter G. Phillips, Esq.

Derek A. Walker, Esq.

Richard Q. Whelan, Esq.

William J. Honan, Esq.
George R. Zacharkow, Esq